UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| ANITA AUCHARD, *et al.*, | ) | |
| --- | --- | --- |
| Plaintiffs, | ) ) ) | |
| v. | ) ) | No.: 3:09-CV-54 (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on TVA's Unopposed Motion to Dismiss Sixty-Nine Nonresponsive Plaintiffs Without Prejudice [Doc. 141], filed by defendant Tennessee Valley Authority ("TVA"). In the motion, TVA moves the Court to dismiss, without prejudice, the sixty-nine (69) plaintiffs identified in the attached list (the "nonresponsive Plaintiffs") [*see* Doc. 141-1], for failure to prosecute or to comply with discovery rules, pursuant to Rule 37(d) and Rule 41(b) of the Federal Rules of Civil Procedure. Counsel for TVA also submits that counsel for plaintiffs has informed counsel for TVA that they do not oppose TVA's motion and the dismissal, without prejudice, of the nonresponsive Plaintiffs.

**I.     Background**

The nonresponsive Plaintiffs were named as parties in the first amended complaint [Doc. 40], filed on April 17, 2009, and in the second amended complaint [Doc. 134], filed on July 1, 2010. In January 2010, TVA served its initial set of interrogatories and requests for production of documents seeking general discovery of each plaintiff's claims and

damages and a second set of interrogatories seeking information about each plaintiff's trespass and nuisance claims [*see* Doc. 142-1]. Plaintiffs' responses to said requests were due in February 2010. Following several requests by plaintiffs for extensions of time to complete discovery, the parties agreed that all outstanding discovery would be due on or before June 30, 2010.

During discovery related discussions between the parties, counsel for plaintiffs informed TVA that responses would not be forthcoming as to approximately twelve to fifteen plaintiffs because those plaintiffs intended to withdraw from this case and a larger number of plaintiffs had not yet provided counsel for plaintiffs with requests for information pertaining to TVA's discovery requests. Accordingly, TVA informed counsel for plaintiffs that it would seek dismissal, without prejudice, of any plaintiff who did not provide responses to all written discovery by the June 30, 2010 deadline. TVA submits that counsel for plaintiffs indicated at that time that they would not oppose such a motion by TVA.

On July 7, 2010, counsel for TVA forwarded to counsel for plaintiffs a list of seventy-six (76) plaintiffs for whom TVA had not received discovery responses. Counsel for TVA also requested that counsel for plaintiffs identify any plaintiff on that list who they believed should not be named in TVA's motion to dismiss [*see* Doc. 142-2]. Counsel for plaintiffs responded in a July 9, 2010 email indicating that sixty-nine (69) of the seventy-six (76) identified plaintiffs remained nonresponsive and confirmed that counsel for plaintiffs would not oppose a motion to dismiss them from this case, without prejudice [*see* Doc. 142-3]. Accordingly, TVA brought the instant motion, pursuant to Rule 37(d) and Rule 41(b) of the

Federal Rules of Civil Procedure, seeking the dismissal, without prejudice, of the sixty-nine (69) nonresponsive Plaintiffs identified in the July 9, 2010 email [*see* Doc. 141-1].

## II. Analysis

Federal Rule of Civil Procedure 41(b) permits the involuntary dismissal of a suit "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order[.]" Fed. R. Civ. P. 41(b). The U.S. Court of Appeals for the Sixth Circuit considers four factors when reviewing a district court's dismissal under Rule 41(b):

> (1) whether the party's failure is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's conduct; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal of the action.

*Muncy v. G.C.R., Inc.*, 110 F. App'x 552, 555 (6th Cir. 2004) (quoting *Mulbah v. Detroit Bd. of Educ.*, 261 F.3d 586, 589 (6th Cir. 2001)). The four factors, however, "are merely guideposts or points of departure . . . they are *not* required 'elements.'" *Muncy*, 110 F. App'x at 555 (emphasis in original). Furthermore, when the dismissal sought is without prejudice, the standard is even more lenient. *See id.* at 556 (stating that, "the sanction of dismissal *without prejudice* is a comparatively lenient sanction . . . because the dismissed party is ultimately not irrevocably deprive of his day in court"); *see also In re Foreclosure Cases*, No. 07-cv-166, 2007 WL 4589765, at *5 (S.D. Ohio Dec. 27, 2007) ("When dismissing with prejudice, the Sixth Circuit generally urges restraint . . . . Dismissal without prejudice, however, is a more lenient sanction, and the controlling standards are relaxed.").

3

TVA asserts that all four of the guidepost factors support dismissal without prejudice of the nonresponsive Plaintiffs. In respect to the first factor, TVA submits that the failure of the nonresponsive Plaintiffs to provide discovery responses after receiving numerous extensions represents a willful decision not to respond and/or clear fault in failing to maintain communications with their counsel. In respect to the second factor, TVA submits that it has been prejudiced through the expenditure of time, money, and resources addressing the dealy of the nonresponsive Plaintiffs and because their failure to respond denies TVA discovery of facts and claims within the unique knowledge of the nonresponsive Plaintiffs. In respect to the third factor, TVA submits that, through its oral and written communications with counsel for the nonresponsive Plaintiffs, notice has clearly been provided that failure to provide discovery responses could result in dismissal without prejudice. Finally, in respect to the final factor, TVA submits that dismissal without prejudice is an appropriate, lenient sanction because all the nonresponsive Plaintiffs will have at least one year from the date of dismissal to reassert their claims if they so chose, pursuant to the Tennessee savings statute, Tenn. Code Ann. § 28-1-105(a).[1]

Taking into account these four factors, the relevant law, and the lack of opposition by counsel for the nonresponsive Plaintiffs, the Court concludes that dismissal of the nonresponsive Plaintiffs from this case is an appropriate sanction for failure to respond to discovery despite receiving extensions of time to do so and for failing to maintain

---

[1] To the extent any of these nonresponsive Plaintiffs are minors, Tenn. Code Ann. § 28-1-106 tolls the statutes of limitations until they are eighteen years of age.

communications with their counsel. The Court also finds that this sanction, dismissal without prejudice, is less drastic because the nonresponsive Plaintiffs may re-file their suits in a timely fashion under the Tennessee savings statute.

## III. Conclusion

For the reasons explained above, TVA's Unopposed Motion to Dismiss Sixty-Nine Nonresponsive Plaintiffs Without Prejudice [Doc. 141] is hereby **GRANTED** and the sixty-nine (69) nonresponsive Plaintiffs, identified by name and reference paragraph number to the second amended complaint in the attachment to TVA's unopposed motion to dismiss [Doc. 141-1] are hereby **DISMISSED, without prejudice**, from this case.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE