UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANITA AUCHARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-54 |
| | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER**

This civil action is before the Court on defendant Tennessee Valley Authority's ("TVA's") Motion for Summary Judgment as to Plaintiff Renee Breiner for Lack of Standing [Doc. 255]. Plaintiffs have responded in opposition [Doc. 289]. TVA has filed a reply to plaintiffs' response [Doc. 301]. The matter is ripe for determination.

The Court has carefully reviewed the pending motion, the responsive pleadings, and the supporting materials in light of the applicable law. For the reasons set forth herein, TVA's motion will be granted and plaintiff Renee Breiner ("Ms. Breiner") will be dismissed as a plaintiff from this action.

**I.  Relevant Facts**

The facts necessary for the Court's decision in this matter are undisputed [*see* Doc. 289, p. 2; Doc. 301, p. 1]. At all pertinent times, Ms. Breiner, an eighteen-year old senior at Maryville High School, resided with her parents, Fred and Diane Breiner, at 410 Green Hill Drive in Maryville, Tennessee [Doc. 289, p. 2]. Ms. Breiner's parents are owners of a

tract of real property located at 341 Chandler Lane in Harriman, Tennessee (the "Chandler Lane tract"), which is located in the vicinity of the Watts Bar Reservoir [Doc. 301, p. 1]. Ms. Breiner does not own or lease the Chandler Lane tract from her parents [*Id.*; Doc. 289, p. 2]. In the amended complaint, the operative pleading, Ms. Breiner's sole claim against TVA is for a private nuisance claim for loss of use and enjoyment of the Chandler Lane tract [Doc. 289, p. 2; Doc. 134, ¶ 47].

In the motion for summary judgment, TVA requests that the Court enter summary judgment for lack of standing on Ms. Breiner's sole claim against TVA. TVA asserts that Ms. Breiner lacks standing because she has no ownership or leasehold property interest in the Chandler Lane tract. Plaintiffs oppose TVA's request. The parties agree that there is no issue of material fact and the only legal question presented by TVA's motion is: "Whether a lawful occupant of a property has the same right to recover in nuisance as the owner of the property?" [Doc. 289, p. 2; Doc. 301, p. 1].

**II.  Standard of Review**

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos.*, 8 F.3d 335, 339 (6th Cir. 1993). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co.*,

*Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

### III. Tennessee Law and Ms. Breiner's Private Nuisance Claim for Loss of Use and Enjoyment of Property

TVA asserts that under Tennessee law, a legal property interest is an essential requirement for a plaintiff's assertion of a private nuisance claim. *Gossett v. Southern Ry.*, 89 S.W. 737 (Tenn. 1905). In *Gossett*, the plaintiff, C. C. Gossett ("Mr. Gossett"), owned and resided on a tract of land with his wife and minor child. *Gossett*, 89 S.W. at 738. Mr. Gossett's wife and minor child did not have any property interest in the tract of land. *Id.* Over several months, the defendant, a railway company, was engaged in constructing a railroad line on land adjacent to Mr. Gossett's and, as a consequent of the work, "the wife and child were rendered very nervous, and deprived of rest and sleep . . . and were compelled to leave their home and seek refuge and temporary rest in another locality." *Id.* Thereafter, three lawsuits were filed, one seeking damages on behalf of Mr. Gossett, one seeking damages on behalf of his wife, and one seeking damages on behalf of his minor child. *Id.* Because all of the claims regarding physical damages to the property were settled and there was no showing of any physical injury to the property, the *Gossett* court found the plaintiffs' actions to be for "rendering the home uncomfortable, insecure, and unpleasant." *Id.* at 738, 740.

On these facts, the Tennessee Supreme Court held that Mr. Gossett, the property owner, had a right of action in nuisance against the railway company while his wife and minor child, having no evidence that they were physically injured or that their healths were impaired, did not. *Gossett*, 89 S.W. at 740-41. The Tennessee Supreme Court stated that:

> We are of the opinion that there could be no damages, or rather no liability, to the wife and child in this case.
>
> There is no evidence that [the wife and child] were physically injured, or that their healths were impaired. The most that is proven is that they were disquieted and kept in a state of alarm and apprehension, but this is not shown to have resulted in any sickness or physical injuries.
>
> We think, therefore, that the trial judge was not in error in instructing the jury that these parties [the wife and child] had no right of action.

*Id.* at 740.

TVA points out that several other states have found an ownership interest necessary for a plaintiff's assertion of a claim for a private nuisance. *See also Swearingen v. Long*, 889 F. Supp. 587, 592-93 (N.D.N.Y. 1995) (finding that "because there are no allegations . . . that these minor children have a legally protected ownership interest in the subject property, it would be futile to allow the complaint to be amended to include a private nuisance cause of action on their behalf"); *Bolin v. Cessna Aircraft Co.*, 759 F. Supp. 692, 720 (D. Kan. 1991) (holding that because "the plaintiff children have no legal interest in the . . . land, they may not recover damages under a private nuisance theory for any impairment of the use and enjoyment of their parents' land"); *Arnoldt v. Ashland Oil, Inc.*, 412 S.E.2d 795, 804 (W. Va. 1991) (applying Kentucky law and finding that the plaintiffs who "had no ownership or

4

possessory interest in the property for which they sought nuisance damages," could not assert claims predicated on private nuisance).

Plaintiffs, who have not directly challenged *Gossett*, argue that "[t]he prevailing, modern perception of minor children is that they are not mere 'guests' in their parents' home, but lawful occupants whose right to the use and enjoyment of their property and home is no less valid than that of their parents." [Doc. 289, p. 2]. Plaintiffs also argue that the law in this area has undergone a "radical shift away from the antiquated perception of children in the cases TVA cites." [*Id.*, p. 3]. Plaintiffs then discuss cases from Connecticut, Virginia, and Missouri, and comments from the Restatement (Second) of Torts § 821E which, plaintiffs argue, show that courts have found that family members, who did not themselves own the subject property (like Ms. Breiner in this action), are entitled to recover on a private nuisance claim. *See Gesswin v. Beckwith*, 397 A.2d 121 (Conn. Super. Ct. 1978); *Bowers v. Westvaco Corp.*, 419 S.E.2d 661 (Va. 1992); *Hanes v. Cont'l Grain Co.*, 58 S.W.3d 1 (Mo. Ct. App. 2001). Last, plaintiffs argue that there are no valid policy reasons for why Ms. Breiner's parents and not Ms. Breiner are able to assert a claim for a private nuisance and plaintiffs state that this Court should find that Tennessee would confer property status upon all lawful occupants of the Chandler Lane tract.

Upon review of the law cited by the parties, the Court disagrees with plaintiffs that a radical change has occurred in nuisance law in Tennessee since the Tennessee Supreme Court's holding in *Gossett*. Plaintiffs have submitted no Tennessee law showing such a shift, and, given the parties' citations to cases from several different states which follow each

5

parties' respective position, this indicates to the Court that there continues to be a split in the case law on this issue. In addition, the Court disagrees with plaintiffs that there could be no conceivable policy basis for why a lawful resident of property without a property interest in the subject property is prohibited from asserting a private nuisance claim.

Finally, given plaintiffs' lack of citation to any law indicating a "radical shift" in Tennessee law, the Court declines to disregard the *Gossett* case, a decision of the Tennessee Supreme Court, on this point of state law. *See Davis v. Mutual Life Ins. Co. of New York*, 6 F.3d 367, 383 (6th Cir. 1993) ("It is hornbook law that a federal court . . . must apply state law 'in accordance with the then controlling decision of the highest state court.' This rule applies unless the federal court is convinced by 'persuasive data that the highest court of the state would decide otherwise.' We cannot allow a propensity to speculate as to yet unarticulated law to allow us to indulge our own predisposition.").

Thus, and upon review of the parties' arguments and the cited case law, the Court agrees with TVA that because Ms. Breiner has no property interest in the Chandler Lane tract and because her sole claim is a private nuisance claim for loss of use and enjoyment of this property, she has no standing to assert such a claim and TVA is entitled to summary judgment as a matter of law.

## IV. Conclusion

For the reasons stated above, TVA's motion for summary judgment [Doc. 255] is **GRANTED** and plaintiff Renee Breiner is hereby **DISMISSED** as a plaintiff in this action for lack of standing.

IT IS SO ORDERED.

                                            s/ Thomas A. Varlan
                                            UNITED STATES DISTRICT JUDGE