UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| ANITA AUCHARD, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | No.: 3:09-CV-54 |
| | ) | (VARLAN/GUYTON) |
| TENNESSEE VALLEY AUTHORITY, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

This civil action is before the Court on defendant Tennessee Valley Authority's ("TVA") Motion for Summary Judgment with Respect to the Medical Claims Alleged on Behalf of One Hundred Twenty-Four Plaintiffs [Doc. 250]. Plaintiffs have responded [Doc. 295], and TVA has filed a reply to plaintiffs' response [Doc. 303]. The matter is ripe for determination.

The Court has carefully reviewed the pending motion and related briefings all in light of the relevant law. For the reasons set forth herein, TVA will be permitted to withdraw, in part, its request for summary judgment. The Court will grant, in part, TVA's motion for summary judgment and deny the remainder of the motion as moot.

**I.    Standard of Review**

A court may grant summary judgment only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party bears the burden of establishing that no genuine issues of material fact

exist. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 n.2 (1986); *Moore v. Phillip Morris Cos., Inc.*, 8 F.3d 335, 339 (6th Cir. 1993). The Court views the facts and all inferences to be drawn therefrom in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Burchett v. Kiefer*, 310 F.3d 937, 942 (6th Cir. 2002).

## II. TVA's Motion for Summary Judgment with Respect to the Medical Claims of 124 Plaintiffs

TVA requests summary judgment with respect to the medical claims and the associated damages and relief alleged on behalf of 124 plaintiffs [*see* Doc. 250-1 (listing 124 plaintiffs). TVA asserts that these 124 plaintiffs have affirmatively represented that they do not intend to pursue, or to provide discovery about, any medical claims alleged against TVA. TVA asserts that this affirmative representation came about by counsel for TVA requesting that counsel for plaintiffs provide a final list identifying the plaintiffs in this case who continue to assert medical claims and those who do not [*see* Doc. 251-4 (TVA's January 17, 2011 letter to plaintiffs' counsel)]. Counsel for plaintiffs responded by providing TVA with an Excel file entitled "Claims Spreadsheet – FINAL" (the "Claims Spreadsheet") [*see* Docs. 251-5, 251-6], identifying 124 plaintiffs who do not assert any type of medical claim against TVA and who would not be responding to TVA's requests for discovery regarding any medical claims, including providing TVA with medical releases and lists of health care providers [*see* Doc. 251-5]. After receiving this communication from plaintiffs' counsel, TVA moved for summary judgement as to the medical claims of these plaintiffs.

2

Plaintiffs have responded, raising two arguments. Plaintiffs assert that TVA's motion seeks dismissal of non-existent claims because TVA has not established that these 124 plaintiffs ever asserted medical claims against TVA. Plaintiffs also assert that the Claims Spreadsheet is an informal case management aid and is not an appropriate basis on which to grant summary judgment. After raising these two points, however, plaintiffs state that except in respect to 6 of the identified 124 plaintiffs, "the [Claims Spreadsheet] largely is accurate in identifying whether an individual plaintiff or represented minor is asserting claims relating to property damage only, or is asserting some type of medical claim." [Doc. 295, p. 4].

In TVA's reply brief, TVA states that 8 of the 124 plaintiffs for which TVA initially sought summary judgment for their medical claims have stipulated to the dismissal of their claims against TVA. Accordingly, TVA states that the summary judgment request is moot as to those 8 plaintiffs [*see* Doc. 303 n.2 (identifying the 8 plaintiffs); Docs. 264, 275, 276]. Of the remaining 116 plaintiffs, TVA states that, as pointed out in plaintiffs' response brief, 6 of these plaintiffs have indicated their intent to pursue medical claims against TVA [*see* Doc. 303 n.3 (identifying the 6 plaintiffs); Doc. 295, pp. 6-10]. Accordingly, TVA states that it will withdraw the summary judgment request as to these 6 plaintiffs. TVA asserts that the request for summary judgment remains at issue with respect to the remaining 110 plaintiffs, listed in an attachment submitted with TVA's reply brief [Doc. 303-1 (listing the final 110 plaintiffs for which TVA requests summary judgment)].

Rule 56(c)(1) of the Federal Rules of Civil Procedure provides that "[a] party asserting that a fact cannot be or is genuinely disputed must support the assertion by: (A) citing to

3

particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials[.]" Fed. R. Civ. P. 56(c)(1). Given this statement of the rule, and in light of plaintiffs' admission that the Claims Spreadsheet is accurate in regard to the 110 plaintiffs, the Court considers the Claims Spreadsheet an appropriate basis for summary judgment and a factual admission by plaintiffs, filed by their counsel, that they are not asserting medical claims against TVA. In addition, while the parties dispute whether these 110 plaintiffs alleged medical claims against TVA in the second amended complaint, the operative pleading, the Court does not find that a determination is required, for purposes of this motion, as to whether these 110 plaintiffs did in fact assert such medical claims if the parties now agree that the 110 identified plaintiffs do not allege and are not pursuing such claims.

**III. Conclusion**

In sum, and for the reasons stated above, TVA's request to **WITHDRAW** the summary judgment request as to plaintiffs Merry C. Kartch, Brenda Ladd, Sara Luecke, Mary A. Prince, Bonnie Robertson, and Joan H. Sheldon is hereby **GRANTED**. The remainder of TVA's motion [Doc. 250] is hereby **GRANTED, in part**, and the remainder of the motion is **DENIED as moot**. Summary judgment in favor of TVA is **GRANTED** as to the medical claims and associated damages and relief, if any, alleged by the 110 plaintiffs listed in Exhibit 1 to TVA's reply brief [Doc. 303-1]. Summary judgment in favor of TVA is **DENIED as moot** in regard to plaintiffs James A. Agee II, Mitchel L. Coffey, Sherry

4

Coffey, Shirley M. Daniel, William Gough, Gary Rolen, Alfred D. Steimel, and Sylvia Steimel, as the claims of these plaintiffs have previously been dismissed by stipulation.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE